U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JAN 25 2013
CLERK, U.S. DISTRICT COURT
By _____
                Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ANNA MICHELLE GREEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:11-CV-860-A |
| | § | |
| UNION SECURITY INSURANCE CO., | § | |
| ADMINISTRATOR OF THE CENTER FOR | § | |
| CANCER AND BLOOD DISORDERS | § | |
| EMPLOYEE DISABILITY BENEFIT | § | |
| PLAN, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION
### and
### ORDER

Now before the court is the motion for summary judgment filed in the above-captioned action by defendant, Union Security Insurance Company, Administrator of the Center for Cancer and Blood Disorders Employee Disability Benefit Plan ("USIC"). Defendant filed a brief in support of its motion, as well as an appendix. Plaintiff, Anna Michelle Green, did not file a response. Having considered the motion and accompanying documents, the entire summary judgment record, and applicable legal authorities, the court concludes that the motion should be granted.

I.

## Plaintiff's Claims

Plaintiff brought this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1192 et seq., alleging that defendant breached its fiduciary duty in wrongfully denying her claim for disability benefits and taking too long to respond to plaintiff's initial claim and her appeal of the denial of such claim. Plaintiff seeks a declaration that defendant has breached its fiduciary duty of trust, and injunctive relief preventing defendant from "further violations of their duties." Am. Compl. at 11. Plaintiff seeks damages including the full amount of the short-term disability and long-term disability benefits allegedly owed to her, monthly disability benefits going forward, interest on benefits, and attorney's fees.

II.

## The Summary Judgment Motion

Defendant argues for summary judgment on the grounds that plaintiff failed to exhaust her administrative remedies as required under the ERISA-governed employee welfare benefit plan at issue, and, therefore, her complaint must be dismissed with prejudice.

III.

Undisputed Facts

The following facts are undisputed in the summary judgment record:

Plaintiff was enrolled for short-term and long-term disability coverage under group policy number 5,275,386, issued to plaintiff's employer by defendant. Defendant received plaintiff's original claim for benefits on December 21, 2009, and acknowledged receipt of such claim on December 22, 2009. Defendant then asked plaintiff to send a list of physicians and pharmacies and an executed Health Insurance Portability and Accountability Act ("HIPPA") authorization for release of medical information. On January 29, 2010, defendant informed plaintiff that it needed additional time to evaluate her claim because some of plaintiff's medical providers had not yet sent information that defendant had requested. After defendant had received and reviewed the medical information, it informed plaintiff by letter dated February 26, 2010, that it had initially denied plaintiff's claim for benefits. In the same letter, defendant notified plaintiff that she had 180 days from the receipt of the denial letter to file an appeal.

On May 19, 2010, plaintiff's attorney, Roger M. Tafel ("Tafel"), wrote to defendant, advising defendant that he represented plaintiff and requesting all documents, records, and

information relevant to plaintiff's claim. Then, on September 3, 2010, defendant received plaintiff's appeal of the denial of benefits. Lee Watkins ("Watkins"), a disability appeals specialist for defendant, acknowledged that defendant had received the appeal, and that defendant would (1) secure a new, independent physician review of the medical information on file; (2) conduct a vocational review of plaintiff's occupation; and (3) request that plaintiff submit copies of her pharmacy records. Tafel sent a letter to defendant stating that he would provide plaintiff's pharmacy records, and voicing concern about the vocational review and about the qualifications of the independent physician who would be reviewing the claim. On October 11, 2010, defendant acknowledged receiving the pharmacy records, and informed plaintiff that defendant would be arranging for a specialist physician review of the claim.

The reviews were conducted, and Watkins performed an appeal assessment on Friday, December 17, 2010, in which she studied the information from the reviews, and concluded that plaintiff was not disabled from performing her occupation. On December 21, 2010, Watkins wrote a letter to Tafel explaining that plaintiff's appeal of her initial claim determination had been denied. The letter contained the following statement:

> If [plaintiff] chooses to pursue this level of appeal, she should submit a written request to this effect, along with a statement indicating why she believes my decision is

4

> incorrect. Any such statement must be submitted within 180
> days after your receipt of this letter. She may also
> submit, within 180 days, the attached Appeal Form to
> indicate her desire to request such a review. Any appeal
> submitted after 180 days will be denied for being filed too
> late. If she files a lawsuit, a court can dismiss that
> lawsuit if she did not submit her appeals in a timely manner
> or if she does not complete the appeal process before filing
> a suit.
>
> Along with the Appeal Form or written statement, she should
> provide any medical documentation not previously submitted
> that she believes supports her position.

Def.'s App. at 115. Watkins also enclosed a copy of defendant's procedures regarding appeals at the next level. That document advised plaintiff that her request for a review of the denial of her appeal must be in writing and must be submitted within 180 days of receipt of written notice of denial. The document also outlined the appeal process, explaining that there was a first review, which plaintiff had gone through, and a second review, which would have been plaintiff's next step and the final level of administrative review. The document also provided forms to fill out or to use for assistance in preparing plaintiff's appeal.

Once Watkins completed the letter denying plaintiff's appeal, Watkins attempted to fax the letter and enclosures to Tafel, but defendant was alerted by Tafel that Watkins may have been sending the fax to his telephone number. Another appeal specialist, Melissa Fehd ("Fehd") checked on the problem. Fehd saw that Watkins had attempted to send two faxes, that the first

one was sent to the wrong number, but that the second fax had been sent to the correct number and had been properly transmitted to Tafel. Fehd also re-faxed the document to the number Tafel had provided, and received fax transaction reports indicating that the faxed documents had gone through. Several hours later, Tafel faxed a letter requesting a complete copy of the administrative record for plaintiff's claim. On January 21, 2011, Watkins sent Tafel a complete copy of the file for plaintiff's claim.

On July 7, 2011, Tafel faxed a letter to defendant stating:

> As you know, I will be appealing the denial of my client's long term disability benefits as set forth in your complete level of denial received by me on January 10, 2011. The evidence in support of my client's appeal is forthcoming and will be sent to you via mail.

Def.'s App. at 129. Tafel did not send any additional evidence or correspondence. Watkins responded to Tafel's letter by fax to Tafel dated July 15, 2011, in which she reminded Tafel of the 180-day deadline and procedures specified in the denial letter, and stated:

> 180 days from December 21, 2010 is June 19, 2011. We administratively allow 5 days for mail service and would thus have accepted an appeal as late as June 24, 2011. However, as the 180-day deadline has been exceeded, any appeal now submitted will be denied due to untimely submission.

Def.'s App. at 130. There was no further correspondence between defendant and Tafel or plaintiff until November 7, 2011, when

plaintiff called Watkins to learn what was happening in her claim and to discuss Tafel's actions. At that time, plaintiff requested a copy of the file. Plaintiff called Watkins again on December 5, 2011, and defendant did not hear from plaintiff again until it was served with a copy of her complaint on December 13, 2011.

IV.

Analysis

A. Applicable Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates

7

a genuine dispute as to each of the challenged elements of its case. Id. at 324. See also Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 597 (1986).

B.  Exhaustion of Administrative Remedies under ERISA

The Fifth Circuit "requires that claimants seeking benefits from an ERISA plan must first exhaust available administrative remedies under the plan before bringing suit to recover benefits." Bourgeois v. Employees of Santa Fe Int'l Corps., 215 F.3d 475, 479 (5th Cir. 2000). The purposes of the exhaustion requirement include (1) upholding Congress's desire that ERISA trustees, and not the federal courts, be responsible for the trustees' actions; (2) providing a sufficiently clear record of administrative action if litigation should ensue; (3) assuring that any judicial review of fiduciary action or lack thereof is made under the arbitrary and capricious standard, not de novo; (4) minimizing the number of frivolous ERISA lawsuits; and (5) promoting the consistent treatment of benefit claims. Bourgeois,

215 F.3d at 479, n.2; Hall v. Nat'l Gympsum Co., 105 F.3d 225, 231 (5th Cir. 1994); Denton v. First Nat'l Bank of Waco, Tex., 765 F.2d 1295, 1300 (5th Cir. 1985).

Strict compliance with the plan's procedures for claims, including all internal appeals processes, is required, as "allowing informal attempts to substitute for the formal claims procedure would frustrate the primary purposes of the exhaustion requirement." Bourgeois, 215 F.3d at 480 n.14; Denton, 765 F.2d at 1300-01. Exhaustion is not a jurisdictional requirement, but is an affirmative defense, Crowell v. Shell Oil Co., 541 F.3d 295, 308-09 (5th Cir. 2008), and is "uniformly imposed" by courts. Hall, 105 F.3d at 231. When a defendant has shown that plaintiff has failed to exhaust administrative remedies, summary judgment is appropriate. Swanson v. Hearst Corp. Long Term Disability Plan, 586 F.3d 1016, 1017, 1019 (5th Cir. 2009).

The material facts in Swanson closely resemble the material facts in this action. In Swanson, a plan participant filed a lawsuit pursuant to ERISA against the plan, challenging the finding that she was not disabled the subsequent termination of her long term disability benefits. Id. at 1017. She was notified of the termination, and had 180 days to appeal such determination. Id. Her attorney submitted a letter to the plan administrator 144 days later, which stated in part, "Please accept this letter as notice of Debra Swanson's intention to

9

appeal your decision terminating her benefits." Id. The letter also stated that the plaintiff would later submit more information or documentation, but plaintiff failed to do so during the 180-day window. Id. The court determined that the letter did not constitute an appeal, but "merely expressed an 'intention to appeal,'" and held that summary judgment was proper based on the plaintiff's failure to exhaust her administrative remedies. Id. at 1018-19.

Defendant first contends that Tafel's July 7, 2011 letter indicating an intent to appeal was itself untimely, and next contends that even if the letter was timely, it could not constitute an appeal but was merely expressing an intent to appeal, similar to the letter in Swanson.

First, plaintiff received the denial letter on December 21, 2010 via fax from Watkins to Tafel, which began the 180-day period during which plaintiff could appeal the denial. For plaintiff to have complied with the plan's administrative procedures, she would have been required to submit an appeal by June 19, 2011, though defendant would have accepted it up to five days later. Though Tafel states in his July 7, 2011 letter that he received the denial letter on January 10, 2011, which, if true, would have given plaintiff until July 9, 2011 to appeal, it is clear that Tafel received the letter via fax on December 21, 2010, as shown by fax transaction reports and Tafel's fax to

Watkins on the evening of December 21, 2010 seeking the administrative record for plaintiff's claim. As the 180 days expired on June 19, 2011, and defendant would have administratively allowed five extra days, Tafel's July 7, 2011 letter was untimely and thus did not comply with the plan's procedures.

Second, even if Tafel's July 7, 2011 letter could be considered timely, it does not constitute an appeal under the plan procedures and under the Fifth Circuit's decision in Swanson. Similar to the letter submitted in Swanson, Tafel's letter stated plaintiff intended to appeal, and evidence would be forthcoming. Also like Swanson, Tafel's letter expressed nothing more than an intent to appeal, and "included no factual or substantive arguments, and no evidence," and provided "nothing for [defendant] to consider on appeal." Swanson, 586 F.3d at 1019. Furthermore, Tafel never responded to Watkins's July 15, 2011 letter explaining that plaintiff had missed the 180-day deadline, and neither Tafel nor plaintiff ever submitted any appeals forms, evidence, or any other materials to proceed with an administrative appeal. By stating only an intent to appeal at some point in the future, and providing no evidence or support for an appeal, Tafel's letter cannot be considered an actual appeal. See id. at 1018-19 (quoting Holmes v. Procter & Gamble Disability Benefit Plan, 228 F. App'x 377, 379 (5th Cir. 2007),

11

which held in a similar case that the plaintiff's letter "did <u>not</u> substantially comply with the Plan's appeal procedures [because he] stated only his <u>intent</u> to appeal the Plan's decision at some time in the future.") (emphasis in original).

Because plaintiff has failed to exhaust her administrative remedies as required under ERISA, her complaint must be dismissed.

V.

<u>Order</u>

Therefore,

The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted, and that all such claims and causes of action brought by plaintiff against defendant, be, and are hereby, dismissed with prejudice.

SIGNED January 25, 2013.

_____
JOHN McBRYDE
United States District Judge